# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2346

_____

Clay Wallace,                                    *
                                                 *
        Appellant,                           *    Appeal from the United States
                                                 *    District Court for the
v.                                               *    Eastern District of Missouri.
                                                 *
John Cottle,                                     *        [UNPUBLISHED]
                                                 *
        Appellee.                            *

_____

Submitted:  September 2, 2003
Filed:  September 18, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Clay Wallace appeals from the District Court's preservice dismissal of his 42 U.S.C. § 1983 (2000) complaint, without prejudice, as barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). We reverse and remand.

In February 2003, Wallace filed a form complaint indicating his "place of present confinement" as Central Missouri Correctional Center. He claimed that the defendant, Lincoln County detective John Cottle, violated his civil rights in June 2001 by conspiring with Kerry Mills to fabricate charges against him. Wallace alleged that Cottle led a raid at Mills's residence which uncovered a

methamphetamine lab; that Mills was charged with manufacturing and possessing methamphetamine; that Cottle later agreed not to prosecute Mills in exchange for his sworn statement indicating the methamphetamine lab belonged to Wallace; that Wallace was then arrested, charged with manufacture of methamphetamine and child endangerment, and held without bail for eighty-four days; and that Mills admitted the conspiracy under oath at the preliminary hearing.  Wallace sought actual damages for lost wages, attorney fees, and bail bond fee, plus punitive damages.

Having carefully reviewed the record, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (noting de novo review), we conclude that dismissal was improper under Heck.  Wallace contends on appeal that he was never convicted of the charges described in his complaint.  Because we do not read his complaint as in any way inconsistent with this contention, we must conclude that Heck does not apply.  See Heck, 512 U.S. at 486–87 (holding that a prisoner may not bring § 1983 damages claim if prevailing on merits "would necessarily imply the invalidity of [the prisoner's] conviction or sentence").

Although we note Wallace sued Cottle only in his official capacity and did not allege Cottle acted pursuant to a county custom or policy, we decline to affirm on this basis alone.  Had the District Court considered the capacity issue and conveyed its intention to dismiss the complaint on that basis, Wallace could have sought leave to amend his complaint to sue Cottle in his individual capacity.  See Fed. R. Civ. P. 15(a); Good v. Dauphin County Soc. Servs. for Children & Youth, 891 F.2d 1087, 1096 (3d Cir. 1989).

Accordingly, we reverse and remand for further proceedings.

_____